IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVINA MITCHELL,                                                                    PLAINTIFF

vs.                                   Civil No. 6:25-cv-06031-SGS

FRANK BISIGNANO,                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Devina Mitchell ("Plaintiff") brings this action pursuant to § 205(g) of Titles II and XVI of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 6.) Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her disability applications on August 5, 2022. (Tr. 17.)[1] In these applications, Plaintiff alleges being disabled due to back pain. (Tr. 253.) Plaintiff alleged an onset date of July

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 7. These references are to the page number of the transcript itself not the ECF page number.

1

31, 2022. (Tr. 17.) Plaintiff's applications were denied initially on January 23, 2023, and again upon reconsideration on June 22, 2023. *Id*.

Plaintiff requested an administrative hearing on her denied applications and this request was granted. (Tr. 17.) An Administrative Law Judge ("ALJ") conducted the hearing on March 13, 2024. (Tr. 40-80.) At this hearing, Plaintiff was present and represented by Sherri R. Arman. *Id*. Plaintiff and Vocational Expert ("VE"), Stephanie A. Ford, both testified at the hearing. *Id*.

On April 23, 2024, the ALJ entered an unfavorable decision. (Tr. 17-34.) In this decision, the ALJ determined Plaintiff met the insured status requirements of the Social Security Act through September 30, 2027 (Tr. 19, Finding 1.) Additionally, the ALJ determined Plaintiff had not engaged in substantial gainful activity since July 31, 2022, which is the alleged onset date. (Tr. 19, Finding 2.)

The ALJ then determined Plaintiff had the severe impairments of right shoulder rotator cuff tear; left shoulder calcified tendon; lumbar degenerative disc disease; cervical degenerative disc disease and radiculopathy; degenerative joint disease of the hips; chronic pain syndrome; asthma; generalized anxiety disorder; and depressive disorder. (Tr. 19-20, Finding 3.) Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21, Finding 4.)

The ALJ determined Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a), except "cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally stoop, crouch, kneel, and crawl; should avoid concentrated exposure to excessive vibration, unprotected

heights, and hazardous machinery; can occasionally reach overhead bilaterally; can have occasional exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas, as well as extreme temperatures both hot and cold, and wetness and humidity; can use judgment to make simple work related decisions; can maintain concentration, persistence, and pace for simple tasks; can understand, carry out, and remember simple instructions and procedures; and is able to adapt to changes which would be simple, predictable, and easily explained, and where interpersonal contact is incidental to the work performed." (Tr. 24, Finding 5.)

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 31, Finding 6.) The ALJ determined Plaintiff was not capable of performing any PRW. *Id.* Based on Plaintiff's age, education, work experience, and Residual Functional Capacity ("RFC"), the ALJ determined there were jobs that existed in the national economy that she can perform, such as document preparer with 15,000 jobs in the national economy; addresser with 2,000 jobs in the national economy; and surveillance system monitor with 2,700 jobs in the national economy. (Tr. 32-33, Finding 10.) Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act, since July 31, 2022. (Tr. 34, Finding 11.)

On March 20, 2025, Plaintiff filed the present appeal. (ECF No. 3.) Both parties have filed appeal Briefs. (ECF Nos. 11, 13.)

2. **Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to

4

perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See* 20 C.F.R. 404.1520(a)-(f); *Cox,* 160 F.3d at 1206. The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. 404.1520, 416.920.

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. (ECF No. 11.) In making this claim, Plaintiff argues the ALJ erred (1) by finding Plaintiff did not meet Listings 1.15 and 1.18 and (2) in accurately reflecting Plaintiff's limitations when determining an RFC. *Id*. In response, Defendant argues the ALJ did not err in any of his findings. (ECF No. 13.)

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

4. <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of November 2025.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE